IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                      No. CIV S-08-1140 JAM DAD

    v.

RAUFELIA RODRIGUEZ
aka RAUFELIA GUZMAN
DE RODRIGUEZ, INDIVIDUALLY
and d/b/a TAQUERIA LA TIA,         ORDER AND

    Defendant.                 FINDINGS & RECOMMENDATIONS

/

        This matter came before the court on September 11, 2009, for hearing of plaintiff's motion for default judgment against defendant Rodriguez, individually and doing business as Taqueria La Tia. (Doc. No. 18). Thomas P. Riley, Esq. appeared telephonically on behalf of plaintiff. No appearance was made by or for the defendant.

        Upon hearing argument, the court took plaintiff's motion under submission. For the reasons set forth below, the undersigned recommends that the motion be granted and that default judgment be entered against the defaulted defendant.

<u>BACKGROUND</u>

        Plaintiff J & J Sports Productions, Inc. is an international distributor of sports and entertainment programming. Defendant Rodriguez operates a commercial establishment called

1  "Taqueria La Tia" in Sacramento, California.  By contract, plaintiff purchased the domestic
2  commercial exhibition rights to broadcast the "Julio Cesar Chavez v. Ivan Robinson Fight
3  Program," which was telecast nationwide on Saturday, May 28, 2005.  Defendant intercepted and
4  exhibited the program in defendant's commercial establishment, Taqueria La Tia, without
5  authorization.

6  Although service of process was effected on defendant Rodriguez, the defendant
7  failed to appear in this action.  On May 18, 2009, plaintiff requested entry of default against
8  defendant Rodriguez. (Doc. No. 15.)  The Clerk entered default against the defendant on May
9  18, 2009. (Doc. No. 17.)  On July 31, 2009, plaintiff filed its motion for default judgment with a
10  proof of service reflecting service of the motion on defendant Rodriguez at an address in Elk
11  Grove, California.

## LEGAL STANDARDS

13  Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for
14  entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding
15  liability are taken as true, while allegations regarding the amount of damages must be proven.
16  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983)
17  (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th
18  Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc.
19  v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

20  Where damages are liquidated, i.e., capable of ascertainment from definite figures
21  contained in documentary evidence or in detailed affidavits, judgment by default may be entered
22  without a damages hearing.  Dundee, 722 F.2d at 1323; see also Rule 55(b)(2).  Unliquidated and
23  punitive damages, however, require "proving up" at an evidentiary hearing or through other
24  means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir.
25  1993).
26  /////

Granting or denying default judgment is within the court's sound discretion. <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986); <u>Aldabe v. Aldabe</u>, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 <u>Moore's Federal Practice</u> ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I. <u>Whether Default Judgment Should Be Entered</u>

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendant Rodriguez, establish the following circumstances: (1) defendant Rodriguez is the owner, operator, licensee, permitee, person in charge, or person with control over the commercial establishment doing business as Taqueria La Tia in Sacramento, California; (2) by contract, plaintiff paid for and was granted exclusive nationwide television distribution rights to the "Julio Cesar Chavez v. Ivan Robinson Fight Program" that took place on May 28, 2005; (3) pursuant to the contract, plaintiff entered into sublicensing agreements with various commercial entities throughout North America by which it granted those entities limited sublicensing rights to exhibit the Chavez v. Robinson fight program to their patrons within their establishments; (4) as a commercial distributor of sporting events, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the program to its customers; (5) with full knowledge that the program was not to be intercepted, received, and exhibited by unauthorized entities, defendant exhibited the Chavez v. Robinson program at the time of its transmission and did so willfully and for purposes of commercial or private gain;

3

1  (6) defendant violated 47 U.S.C. § 605, et seq., which prohibits the unauthorized publication or
2  use of communications; (7) defendant violated 47 U.S.C. § 553, et seq., which prohibits the
3  unauthorized interception, exhibition, publication, and divulgence of programs; (8) by reason of
4  defendant's violations of §§ 553 and 605, plaintiff has a private right of action pursuant to both
5  statutes; (9) defendant also tortiously obtained possession of plaintiff's program and wrongfully
6  converted it to defendant's own use and benefit; and (10) by reason of defendants' tortious
7  conversion, plaintiff is entitled to compensatory and punitive damages. (Doc. No. 1 at 2-6.)

8       In its complaint, plaintiff prays for statutory damages of $100,000.00 for the
9  willful violation of 47 U.S.C. § 605 and for recovery of all costs and reasonable attorney's fees.
10 Plaintiff prays for statutory damages of $50,000.00 for the willful violation of 47 U.S.C. § 553
11 and for recovery of all costs and reasonable attorney's fees. Plaintiff seeks compensatory
12 damages, reasonable attorney fees, and costs of suit for defendant's tortious conversion of
13 plaintiff's sports program. (Doc. No. 1 at 6-7.)

14      Plaintiff's complaint and summons were served upon defendant Rodriguez on
15 April 16, 2009, by substitute service after multiple attempts to effect personal service. The
16 documents were left with a competent member of the household at the residence of defendant
17 Rodriguez. (Doc. No. 12.) The undersigned finds that the defendant was properly served with
18 the complaint and that the Clerk properly entered the default of the defendant on July 30, 2009.
19 (Doc. No. 7.) Defendant was also served with plaintiff's request for entry of default and
20 application for default judgment by the court. (Docs. No. 6 and 8.). Despite being served with
21 process and all papers filed in connection with plaintiff's request for entry of default and motion
22 for default judgment, defendant failed to respond to plaintiff's complaint, to plaintiff's request
23 for entry of default, or to plaintiff's motion for default judgment. Nor did the defendant appear at
24 the hearing on plaintiff's motion. The defendant has failed to participate in this action in any
25 way.
26 /////

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint for the most part support plaintiff's claims.[1]  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendant's failure to pay for the right to exhibit the Chavez v. Robinson fight program to the patrons within Taqueria La Tia.

In light of the entry of default against the defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.  Nor is there any indication that the defendant's default resulted from excusable neglect, as defendant was properly served with plaintiff's pleading as well as with plaintiff's request for entry of default and motion for default judgment.  Defendant had ample notice of plaintiff's intent to pursue a default judgment.

Although public policy generally favors the resolution of a case on its merits, the defendant's failure to appear and defend against plaintiff's claims has made a decision on the merits impossible in this case.  Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

II. Terms of Judgment to Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Upon consideration of all of plaintiff's briefing in support of the motion for default judgment, the undersigned will recommend that damages be awarded

---

[1] Some courts have held that a defendant cannot be held liable under both 47 U.S.C. § 605(a) and 47 U.S.C. § 553.  Kingvision Pay Per View, Ltd., v. Williams, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Prado, No. 2:07-cv-02104 GEB DAD, 2008 WL 822159, at *3 (E.D. Cal. Mar. 27, 2008).  However, the court need not reach the issue in this case, since the overwhelming majority of courts have concluded that where, as here, the defendants have defaulted damages are to be awarded only under § 605. Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197, n. 1 (N.D. Cal. 2000) (and cases cited therein).  See also J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *2 (S.D. Cal. Oct. 20, 2009).

only with respect to the violation of 47 U.S.C. § 605 and not in the amount requested by plaintiff with respect to the violation of that statute.

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $100,800.00 against the defaulted defendant. That sum consists of $50,000.00 for one violation of 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii); $50,000.00 for one violation of 47 U.S.C. 553(b)(2) and (c)(2)(c)[2]; and $800.00 for the tort of conversion. (Doc. No. 18, Decl. of Thomas P. Riley at 2.) The undersigned is mindful that the defendant was served with plaintiff's motion for default judgment and was placed on notice of the amount sought by plaintiff. However, granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at stake. See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

Under the Federal Communications Act, a plaintiff may elect to seek either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I & II). Here, plaintiff seeks $50,000.00 in enhanced statutory damages. The statute provides for statutory damages for each violation of not less then $1,000 and not more than $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i) (II). Moreover, the statute authorizes enhanced damages of not more than $100,000 if the court finds the violation was "committed willfully and for purpose of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). While acknowledging that the amount of enhanced statutory damages it seeks here is "unconventional," plaintiff argues that the requested amount is justified primarily because of the need to deter broadcast piracy in light of the harm done to plaintiff's business as a result of such activities. The court finds plaintiff's argument in this regard to be unpersuasive in light of the record before the court and not supported by the weight of authority in this area.

---

[2] As noted above, the court will not recommend that damages be awarded with respect to a violation of 47 U.S.C. § 553

1    In this case, plaintiff's investigator stated that the establishment in question had a
2 seating capacity of approximately thirty, and that during the Chavez v. Robinson fight broadcast,
3 she observed only between sixteen and twenty-one patrons inside the taqueria during the
4 investigator's three separate head counts.  The investigator also reported that there was no cover
5 charge for entry on the night in question.  The only evidence before the court of any promotion
6 by defendants that the fight would be shown at the establishment is a photograph attached to the
7 investigator's affidavit depicting what appears to be an 8 1/2" by 11" handwritten sign posted at
8 the entry with the fight title and the date.  There is no evidence before the court that a special
9 premium on food and drink was being charged at the taqueria on the night of the fight.
10 Moreover, the investigator states in her affidavit that the establishment merely had two television
11 sets and that the fight broadcast was being shown on only one of them, a 25 inch color TV
12 affixed to the wall and facing the counter.  There is also no evidence that the establishment was
13 doing any greater level of business on the night the fight was shown than at any other time.
14 Finally, plaintiff has presented no evidence to the court suggesting that the defendants were
15 repeat broadcast piracy offenders.

16    In light of this record,  the court will recommend that judgment be entered against
17 the defaulted defendants and that plaintiff be awarded $1,000 in statutory damages plus $4,000 in
18 enhanced statutory damages for a total of $5,000 in damages pursuant to 47 U.S.C. §
19 605(e)(3)(C)(i & ii).  See J & J Sports Productions, Inc. v. Betancourt,, 2009 WL 3416431, at *4
20 (awarding statutory damages of $2,000 and tripling the base award for a penalty enhancement to
21 a total award of $6,000 in a default judgment under similar circumstances to those presented
22 here); J & J Sports Productions, Inc. v. Medinarious, et al., No. C 08-0998 JF (RS), 2008 WL
23 4412240, at *3 (N.D. Cal. Sept. 25, 2008) (awarding $1,000 in statutory damages and $5,000 in
24 enhanced statutory damages in a default judgment under similar circumstances); Garden City
25 Boxing Club, Inc. v. Zavala, C-07-5925, 2008 WL 3875272, at *1 (N.D. Cal. Aug. 18, 2008)
26 (same); Garden City Boxing Club, Inc. v. Lan Thu Tran, C-05-5017, 2006 WL 2691431, at *2

(N.D. Cal. Sept. 20, 2006) (same); see also Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197 n.1 (N.D. Cal. 2000) (awarding statutory damages of $1,000 with no enhanced damages under circumstances similar to those here); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3-4 (N.D. Cal. Feb. 19, 2010) (awarding $250 in statutory damages and denying request for enhanced statutory damages in light of the lack of evidence that the violation was egregious); J & J Sports Productions, Inc. v. Montecinos, No. C 09-02604 JSW, 2010 WL 144817, at *5-7 (N.D. Cal. Jan. 11, 2010) (granting $5,000 in statutory damages and $10,000 in enhanced statutory damages as part of default judgment where plaintiff presented evidence that defendants were "multiple offenders" who had engaged in "persistent theft" of such pay-per-view broadcasts); J & J Sports Productions, Inc. v. Ferreyra, No. C 08-128 LKK KJM, 2008 WL 4104315, at *1 (E.D. Cal. Aug. 28, 2008) (recommending $100,000 in enhanced statutory damages in light of defendant's prior acts of commercial signal piracy).

        In his declaration in support of the motion for default judgment, counsel indicates that plaintiff also seeks the award of $800 in damages for the state law tort of conversion. Plaintiff is entitled to such an award. See J & J Sports Productions, Inc. v. Ro, 2010 WL 668065, at *4; J & J Sports Productions, Inc. v. Montecinos, 2010 WL 144817, at *7; but see J & J Sports Productions, Inc. v. Ferreyra, 2008 WL 4104315, at *1 ("Inasmuch as plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages for conversion should be denied."). In moving for default judgment plaintiff has submitted evidence, in the form of a declaration by the President of J & J Sports Productions, Inc. and an attached rate card for the fight in question, establishing that the defendant would have been required to pay $800 for a proper sublicensing agreement. See J & J Sports Productions, Inc. v. Ro, 2010 WL 668065, at *4 (calculating damages for the tort of conversion based upon the amount that defendants would have been required to pay for a proper sublicensing agreement). Therefore, the court will also will recommend that be awarded $800 in damages with respect to the tort of conversion.

/////

Finally, although the prayer for relief in the complaint as well as the introduction to the motion for default judgment indicates that plaintiff seeks the award of costs and attorney fees, the motion for default judgment does not contain any argument in support of such a request. Moreover, no evidence of costs or attorney fees incurred was submitted to the court in connection with the pending motion. Accordingly, the court will not recommend the award of costs and attorneys fees.

## CONCLUSION

IT IS ORDERED that within five days after these findings and recommendations are filed, plaintiff shall serve a copy of the findings and recommendations on each defaulted defendant by mail at the address where service of process was effected, or at any more recent address known to plaintiff, and shall file a proof of such service forthwith.

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 31, 2009 motion for default judgment (Doc. No. 18) against defendant Rodriguez individually and doing business as La Taqueria Tia be granted;

2. Judgment be entered against the defendants in the sum of $5,800, consisting of $1,000 in statutory damages plus $4,000 in enhanced statutory damages for violating 47 U.S.C. § 605; $0 for violating 47 U.S.C. 553; and $800 for the tort of conversion; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file

/////
/////
/////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\jjsports1140.oah.091109.mdj